

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. O-1947-A
Re: Is the Department of
Public Safety authorized
to seize punch boards,
tip sheets, and/or slot
machines from the ware-
house or distributing
points of a person or
persons in the business
of distributing same?

Since the rendition of our Opinion No. O-1947, the case of Callison vs. State, 146 S.W. (2d) 468, has been handed down by the Court of Civil Appeals at Dallas. The holding in the case referred to, has, we believe, overruled our original opinion.

In the case referred to, the police officers of the City of Dallas by virtue of a warrant properly obtained, seized several thousand punch boards, labels and other punch board accessories from a warehouse of the appellant W. E. Callison. The District Attorney of Dallas County in compliance with Articles 636 and 637 of the Penal Code of the State of Texas proceeded to file a destruction order upon said devices seeking to have them destroyed as gambling devices. At a hearing before the trial court the devices were found to be gambling devices per se and ordered destroyed in compliance with the law. On appeal the court reversed the trial court holding that for the devices to be within the contemplation of Articles 636 and 637 of the Penal Code of the State of Texas it must appear that said devices were being used or exhibited for gaming purposes. The court held that punch boards were gambling devices per se and could not be used for any other purpose. With reference to the proposition that the devices must be exhibited or be used for gaming purposes, we quote from the decision:

Honorable Homer Garrison, Jr., Director, Page 2

"The aim of the statute, under which this proceeding is brought, is to prohibit the use or exhibition of all possible games that fall under the classification of lotteries or gambling devices. The character of the property seized, that is, its make-up, does not authorize its confiscation and destruction. The boards were stored and locked in a warehouse, and were, in no manner, used or exhibited for the purpose of gaming or obtaining bettors.

"In the enactment of the statutes under which this action was brought, the Legislature did not see fit to condemn all property that might be used for gaming, and authorize its destruction, unless it be shown that such property was designed for gaming and was, at the time of seizure, being used for the purpose of gaming. Thus, courts cannot extend the statute so that gaming devices may be confiscated and destroyed in the absence of evidence that same were being used or exhibited for gaming. That such was not defendant's purpose, is evident. The property was so stored that it could not reasonably be said that it was exhibited, and, certainly, it was not being used for gaming."

An application for writ of error was not applied for to the Supreme Court.

We believe for your protection that the ruling in the Callison case should be followed.

We believe there is no distinction between punch boards, tip sheets or slot machines in so far as the effect of the opinion is concerned.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Harold McCracken_
Harold McCracken
Assistant

APPROVED MAR 10, 1941

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

HM:RS

APPROVED
OPINION
COMMITTEE
BY